J-S83027-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RUFUS POINDEXTER | : | |
| | : | |
| Appellant | : | No. 781 WDA 2018 |

Appeal from the PCRA Order May 15, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0000764-1993

BEFORE: PANELLA, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.: FILED FEBRUARY 27, 2019

Rufus Poindexter ("Appellant") appeals from the order denying his second petition for relief filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546. Additionally, counsel for Appellant seeks to withdraw pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc). We grant counsel's application to withdraw and affirm the order of the PCRA court.

The underlying facts are not in dispute. See Commonwealth v. Poindexter, 646 A.2d 1211, 1215–1216 (Pa. Super. 1994) (setting forth facts on direct appeal). On June 10, 1993, a jury found Appellant guilty of one count of rape-forcible compulsion, two counts of involuntary deviate sexual intercourse ("IDSI"), one count of statutory rape, and one count of corruption

of minors.[1] Id. at 1213. Appellant filed post-trial motions, which the trial court denied on August 16, 1993, and then immediately sentenced Appellant to incarceration for an aggregate term of six to twenty years. Id.[2] Appellant appealed, and we affirmed the judgment of sentence. Id. at 1221. Appellant filed for allowance of appeal, which the Pennsylvania Supreme Court denied. Commonwealth v. Poindexter, 655 A.2d 512, 522 WDA 1994 (Pa. 1995).

Appellant filed a pro se PCRA petition on September 2, 1998. Following the appointment of counsel and notice of its intent to dismiss, the PCRA court dismissed Appellant's petition as untimely. Order, 9/27/00. Nine years later, on September 1, 2017, Appellant filed a pro se petition titled, "Motion to be Removed from the Megan's Law and SORNA Registry." Counsel was appointed

_____

[1] 18 Pa.C.S. §§ 3121(1)(a), 3123(a)(1), 3122, and 6301(a), respectively.

[2] At the time Appellant committed the sex crimes that led to his 1993 sentence, Pennsylvania did not have a law imposing registration requirements on sex offenders. However, such laws were enacted while Appellant was incarcerated on the 1993 convictions. Specifically, Megan's Law became effective in April 1996, requiring those convicted of rape and IDSI to register as a sex offender for a period of ten years. 42 Pa.C.S. § 9793(a), (b)(1) (effective April 1996 to July 2000). Megan's Law II took effect in 2000, increasing the registration period for rape and IDSI from ten years to lifetime. 42 Pa.C.S § 9795.1(b)(2) (effective July 2000 to December 2012). The new registration provisions specifically applied to individuals—like Appellant—incarcerated on the original sex offense on or after the effective date of Megan's Law II. Commonwealth v. Rivera, 10 A.3d 1276, 1284–1285 (Pa. Super. 2010). Upon his parole in December 2002, Appellant was notified that he was required to register as a sex offender, which he did. PCRA Petition, 9/1/17, at ¶¶ 11, 12. The Sexual Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S. §§ 9799.10–9799.41 (effective December 20, 2012), replaced Megan's Law II, but maintained lifetime registration for rape and IDSI offenders. 42 Pa.C.S. §§ 9799.14(d)(2), (4) and 9799.15(a)(3).

and filed an amended petition on January 3, 2018, alleging that Appellant has been subject to an unconstitutional application of SORNA. Following notice, the PCRA court dismissed Appellant's petition as untimely. Order, 5/15/18.

This appeal followed. Appellant and the trial court complied with Pa.R.A.P. 1925. Counsel filed an application for leave to withdraw on October 29, 2018, along with a brief. Appellant has not filed a reply. The Commonwealth filed a reply brief, and the Pennsylvania State Police filed an intervenor brief.

Prior to addressing the merits of Appellant's appeal, we must first decide whether counsel has fulfilled the procedural requirements for withdrawing his representation. Commonwealth v. Daniels, 947 A.2d 795, 797 (Pa. Super. 2008). This Court has set forth the conditions that must be satisfied before counsel will be permitted to withdraw in a collateral appeal:

> Counsel petitioning to withdraw from PCRA representation must proceed … under [Turner, supra and Finley, supra and] … must review the case zealously. Turner/Finley counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed pro se or by new counsel.

> * * *

> [W]here counsel submits a petition and no-merit letter that … satisfy the technical demands of Turner/Finley, the court—

- 3 -

trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

Commonwealth v. Doty, 48 A.3d 451, 454 (Pa. Super. 2012) (citation omitted) (brackets in original).

In the application filed with this Court and the documents appended thereto, counsel explained that he was appointed to represent Appellant as PCRA counsel and that he reviewed the case, evaluated the issues, conducted an independent review of the record, and concluded there were no issues of merit. Application to Withdraw, 10/29/18, at ¶¶ 10, 11. Counsel also listed an issue relevant to this appeal in his no-merit brief and explained why the appeal is without merit. Id. at 11, 12. In addition, counsel averred that he served upon Appellant a copy of the application to withdraw, the brief, and a letter addressed to Appellant accompanying those documents. Application to Withdraw, 10/29/18, at ¶ 13. Thus, we will allow counsel to withdraw if, after our review, we conclude that the claims relevant to this appeal lack merit.

Counsel presents a single issue on Appellant's behalf: "Whether the PCRA statute of limitations is inapplicable to a motion/petition challenging the retroactive application of SORNA?" Turner/Finley Brief at 2. The gist of this issue is that Appellant cannot constitutionally be subject to registration under SORNA pursuant to Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017).

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's

ruling is free of legal error. Commonwealth v. Staton, 184 A.3d 949 (Pa. 2018). We consider the record in the light most favorable to the prevailing party in the PCRA court. Commonwealth v. Mason, 130 A.3d 601 (Pa. 2015). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. Commonwealth v. Rigg, 84 A.3d 1080, 1084 (Pa. Super. 2014).

Here, the PCRA court concluded that Appellant's PCRA petition was untimely. Order, 5/15/18; PCRA Court Opinion, 10/4/18, at 4. The timeliness of a PCRA petition is a jurisdictional threshold that may not be disregarded in order to reach the merits of the claims raised in a PCRA petition that is untimely. Commonwealth v. Lawson, 90 A.3d 1, 4 (Pa. Super. 2014) (citing Commonwealth v. Murray, 753 A.2d 201, 203 (Pa. 2000)). In the case at bar, a jury convicted Appellant on June 10, 1993. The trial court sentenced Appellant on August 16, 1993. We affirmed the judgment of sentence on August 25, 1994, and the Pennsylvania Supreme Court denied review on January 10, 1995. Appellant's judgment of sentence, therefore, became final ninety days later, on April 10, 1995, when his time for seeking certiorari in the Supreme Court of the United States expired. See 42 Pa.C.S. § 9545(b)(3) ("[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking

the review."); U.S.Sup.Ct.Rule 13.1 (allowing ninety days for the filing of a writ of certiorari in the Supreme Court of the United States). Accordingly, Appellant had until April 10, 1996, to timely file a timely PCRA petition. See 42 Pa.C.S. § 9545(b)(1) (a PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final…."). Appellant filed the instant PCRA petition, his second, on September 1, 2017, and therefore, the petition is facially untimely.

Nevertheless, the PCRA's jurisdictional time bar can be overcome by satisfying one of the three statutory exceptions codified at 42 Pa.C.S. § 9545(b)(1)(i)-(iii).[3] Commonwealth v. Spotz, 171 A.3d 675, 678 (Pa. 2017). Further, "[a]ny petition invoking an exception … shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. §

_____

[3] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

9545(b)(2). The PCRA petitioner bears the burden of proving the applicability of one of the exceptions. Commonwealth v. Edmiston, 65 A.3d 339, 346 (Pa. 2013).

In Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017), our Supreme Court held that retroactive application of the registration and reporting requirements of SORNA, 42 Pa.C.S. §§ 9799.10-9799.42, violated the ex post facto clauses of the United States and Pennsylvania Constitutions. Muniz, 164 A.3d at 1223. Appellant suggests that the Muniz decision satisfies the newly recognized constitutional right exception to the PCRA's time bar. 42 Pa.C.S. § 9545(b)(1)(iii).

We rejected this argument in Commonwealth v. Murphy, 180 A.3d 402 (Pa. Super. 2018):

> Appellant's reliance on Muniz cannot satisfy the timeliness exception of Section 9545(b)(1)(iii). In Commonwealth v. Abdul-Salaam, 812 A.2d 497 (Pa. 2002), our Supreme Court held that,
>
>> subsection (iii) of Section 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this Court after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, i.e., "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision,

> the legislature clearly intended that the right was already recognized at the time the petition was filed.

Id. at 501.

> Here, we acknowledge that this Court has declared that, "Muniz created a substantive rule that retroactively applies in the collateral context." Commonwealth v. Rivera-Figueroa, 174 A.3d 674, 678 (Pa. Super. 2017). However, because Appellant's PCRA petition is untimely (unlike the petition at issue in Rivera-Figueroa), he must demonstrate that the Pennsylvania Supreme Court has held that Muniz applies retroactively in order to satisfy Section 9545(b)(1)(iii). See Abdul-Salaam. Because at this time, no such holding has been issued by our Supreme Court, Appellant cannot rely on Muniz to meet that timeliness exception.

Murphy, 180 A.3d at 405-406.[4] Accordingly, Appellant has failed to satisfy an exception to the PCRA's time bar. Because Appellant's PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the issues presented and grant relief. See Commonwealth v. Fairiror, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Thus, we affirm the order dismissing Appellant's PCRA petition.

Furthermore, after our independent review of the record, we conclude there are no meritorious issues upon which Appellant may obtain relief.

---

[4] As we observed in Murphy, "if the Pennsylvania Supreme Court issues a decision holding that Muniz applies retroactively, [an a]ppellant can then file a PCRA petition, within 60 days of that decision, attempting to invoke the 'new retroactive right' exception of section 9545(b)(1)(iii)." Murphy, 180 A.3d at 406 n.1.

Having determined that Appellant is not entitled to PCRA relief, we grant counsel's application to withdraw pursuant to Turner/Finley.

Application to withdraw as counsel granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/27/2019